Exhibit A

<u>VERIFICATION</u>

STATE OF ARIZONA        )
                        ) ss.
County of Maricopa      )

I, JAMES B. BOWEN, hereby state, under the penalty of perjury, that the following information is true to my knowledge, information and belief:

1.      I am the attorney for the Defendants Jenkins, Wagner, Hart and the State of Arizona in the matter of *Meyer v. State of Arizona, et al.*, Cause No. CV2018-091523, currently pending in the Superior Court of the State of Arizona, County of Maricopa, before the Honorable David J. Palmer.

2.      On February 22, 2019, I filed a Notice of Removal under 28 U.S.C. § 1441(b) seeking to remove *Meyer v. State of Arizona, et al.*, Cause No. CV2018-091523 to the United States District Court for the District of Arizona.

3.      In compliance with 28 U.S.C. § 1441(a) and L.R.Civ. 3.7(b), I certify that the attached documents are true and accurate copies of pleadings and other documents that were filed in the Superior Court of the State of Arizona, Maricopa, in *Meyer v. State of Arizona, et al.*, Cause No. CV2018-091523.

4.      Also attached is a true and accurate copy of the court docket in *Meyer v. State of Arizona, et al.*, Cause No. CV2018-091523.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 22ⁿᵈ day of February, 2019.

_____
JAMES B. BOWEN

#7665015

Civil Court Case Information - Case History                                                Page 1

Skip To MainContent

[          ] [ Search ]

Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2018-091523 | Judge: | Palmer, David |
| File Date: | 7/17/2018 | Location: | Southeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Jesse Meyer | Plaintiff | Female | Richard Martinez |
| State Of Arizona | Defendant | | Pro Per |
| Arizona Department Of Child Safety | Defendant | | Pro Per |
| Gregory A McKay | Defendant | Male | Pro Per |
| Kathryn French | Defendant | Female | Pro Per |
| Deborah Hager | Defendant | Female | Pro Per |
| New Foundation, The | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 2/6/2019 | ANS - Answer | 2/8/2019 | Defendant(6) |
| 1/27/2019 | AFS - Affidavit Of Service | 1/30/2019 | |
| NOTE: THE NEW FOUNDATION | | | |
| 1/27/2019 | AFS - Affidavit Of Service | 1/30/2019 | |
| NOTE: STATE OF ARIZONA | | | |
| 1/27/2019 | AFS - Affidavit Of Service | 1/30/2019 | |
| NOTE: DEBORAH HAGER | | | |
| 1/27/2019 | AFS - Affidavit Of Service | 1/30/2019 | |
| NOTE: KATHRYN FRENCH | | | |
| 1/27/2019 | AFS - Affidavit Of Service | 1/30/2019 | |
| NOTE: ARIZONA DEPARTMENT OF CHILD SAFETY | | | |
| 1/27/2019 | AFS - Affidavit Of Service | 1/30/2019 | |
| NOTE: ARIZONA DEPARTMENT OF CHILD SAFETY | | | |
| 12/24/2018 | 022 - ME: Order Signed | 12/24/2018 | |
| 12/21/2018 | OXS - Order To Extend Time For Service | 12/27/2018 | |
| NOTE: OF PROCESS ON DEFENDANTS | | | |
| 12/13/2018 | MXS - Motion To Extend Time For Service | 12/13/2018 | |
| NOTE: PLAINTIFF'S EXPEDITED MOTON FOR SECOND EXTENSION OF TIME FOR SERVICE OF PROCESS ON DEFENDANTS | | | |
| 10/19/2018 | OXS - Order To Extend Time For Service | 10/19/2018 | |
| NOTE: that Plaintiff's motion is GRANTED and Plaintiff shall have an additional 60 days until Friday, December 14, 2018 to serve of process on Defendants | | | |
| 10/11/2018 | MXS - Motion To Extend Time For Service | 10/12/2018 | |
| NOTE: PLAINTIFF'S FIRST MOTION TO EXTEND TIME FOR SERVICE OF PROCESS ON DEFENDANTS | | | |
| 9/26/2018 | 322 - ME: Notice Of Intent To Dismiss | 9/26/2018 | |
| 7/17/2018 | COM - Complaint | 7/19/2018 | |
| 7/17/2018 | CSH - Coversheet | 7/19/2018 | |
| 7/17/2018 | CCN - Cert Arbitration - Not Subject | 7/19/2018 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

**In the Superior Court of the State of Arizona
In and For the County of MARICOPA**

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**_CV2018-091523** —

```
CHRIS DEROSE, CLERK
RECEIVED CCC #3
NIGHT DEPOSITORY

18 JUL 17 PM 9: 08

FILED
BY A. HATCH, DEP
```

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney   **Richard M. Martinez**

Attorney Bar Number   **7763**

Plaintiff's Name(s): (List all)         Plaintiff's Address:

**JESSE MEYER, individually and on behalf of
M.E.M., an unmarried female minor**
(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

**STATE OF ARIZONA**, a body politic
**ARIZONA DEPARTMENT OF CHILD SERVICES**, an agency of the State of Arizona
(List additional defendants on page two and/or attach a separate sheet))

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC
☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☐ Wrongful Death
**TORT NON-MOTOR VEHICLE:**
☒ Negligence
☐ Product Liability – Asbestos
☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort
☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional
☐ Premises Liability
☐ Slander/Libel/Defamation
☐ Other (Specify) _____

**MEDICAL MALPRACTICE:**
☐ Physician M.D.        ☐ Hospital
☐ Physician D.O         ☐ Other
**CONTRACTS:**
☐ Account (Open or Stated)
☐ Promissory Note
☐ Foreclosure
☐ Buyer-Plaintiff
☐ Fraud
☐ Other Contract (i.e. Breach of Contract)
☐ Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
    ☐ Six to Nineteen Structures
    ☐ Twenty or More Structures
**OTHER CIVIL CASE TYPES:**
☐ Eminent Domain/Condemnation

November 21, 2008                                                      1

**OTHER CIVIL CASE TYPES : (Continued)**

- ☐ Forcible Detainer
- ☐ Change of Name
- ☐ Transcript of Judgment
- ☐ Foreign Judgment
- ☐ Quiet Title
- ☐ Forfeiture
- ☐ Election Challenge
- ☐ NCC- Employer Sanction Action (A.R.S. §23-212)
- ☐ Injunction against Workplace Harassment
- ☐ Injunction against Harassment
- ☐ Civil Penalty
- ☐ Water Rights(Not General Stream Adjudication)
- ☐ Real Property
- ☐ Sexually Violent Person (A.R.S. §36-3704)
  (Except Maricopa County)
- ☐ Minor Abortion (See Juvenile in Maricopa County)
- ☐ Special Action Against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

**UNCLASSIFIED CIVIL:**

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)

- ☐ Declaratory Judgment
- ☐ Habeas Corpus
- ☐ Landlord Tenant Dispute- Other
- ☐ Restoration of Civil Rights (Federal)
- ☐ Clearance of Records (A.R.S. §13-4051)
- ☐ Declaration of Factual Innocence (A.R.S. §12-771)
- ☐ Declaration of Factual Improper Party Status
- ☐ Vulnerable Adult (A.R.S. §46-451)
- ☐ Tribal Judgment
- ☐ Structured Settlement (A.R.S. §12-2901)
- ☐ Attorney Conservatorships (State Bar)
- ☐ Unauthorized Practice of Law (State Bar)
- ☐ Out-of-State Deposition for Foreign Jurisdiction
- ☐ Secure Attendance of Prisoner
- ☐ Assurance of Discontinuance
- ☐ In-State Deposition for Foreign Jurisdiction
- ☐ Eminent Domain– Light Rail Only
- ☐ Interpleader– Automobile Only
- ☐ Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ Employment Dispute- Discrimination
- ☐ Employment Dispute-Other
- ☐ Other _____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

Additional Defendant(s)

**GREGORY A. MCKAY**, in his capacity as Director of the Arizona Department of Child Safety;

**KATHRYN FRENCH**, individually and as employee of the Arizona Department of Child Safety;

**DEBORAH HAGER**, individually and as agent of the Arizona Department of Child Safety;

**THE NEW FOUNDATION, INC.**, an Arizona corporation




1
**RICHARD M. MARTINEZ, SBA # 7763**
P.O. Box 43250
2
Tucson, Arizona 85733-3250
(520) 609-6324
3
richard@richardmartinezlaw.com
**Counsel for Plaintiffs**
4



5          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

6          **IN AND FOR THE COUNTY OF MARICOPA**

7   **JESSE MEYER**, a single woman,          **No.** CV2018-091523
    individually and as mother of **M.E.M**, a
8   female minor,                             **PLAINTIFF'S COMPLAINT AND**
                                              **DEMAND FOR JURY TRIAL**
9                     Plaintiffs,

10  vs.

11  **STATE OF ARIZONA**, a political entity;
    **ARIZONA DEPARTMENT OF CHILD**
12  **SAFETY**, an agency of the State of
    Arizona; **GREGORY A. MCKAY**, in his
13  capacity as Director of the Arizona
    Department of Child Safety; **KATHRYN**
14  **FRENCH**, individually and in her
    capacity as employee of the Arizona
15  Department of Child Safety;
    **DEBORAH HAGER**, individually and
16  as agent or representative of the
    Arizona Department of Child Safety;
17  **THE NEW FOUNDATION**, an Arizona
    corporation,
18
                      Defendants.
19

20          Plaintiff, Jesse Meyer, individually and on behalf of her minor daughter,

21  M.E.M., by and through counsel undersigned, for her complaint against the

22  defendants alleges as follows:

23                        **JURISDICTION AND VENUE**

24          1.     Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violation

25  of the Fourteenth Amendment to the Unites States Constitution, and pendent state

26  common law and statutory claims.

27

28

1  2.      Jurisdiction and venue are proper in this court pursuant to A.R.S. §§

2  12-123 and 12-401 as all parties are residents of Maricopa County, Arizona, and

3  the events underlying this action occurred in Maricopa County, Arizona.

4  **Parties**

5  3.      Plaintiff, Jesse Meyer ("Ms. Meyer"), is an unmarried woman and a

6  resident of Maricopa County, Arizona.

7  4.      Plaintiff, M.E.M. ("M.E.M."), is a female minor born June 25, 2001,

8  and a resident of Maricopa County, Arizona, and Jesse's daughter.

9  5.      Defendant, State of Arizona, is a political entity.

10  6.      Defendant, Arizona Department of Child Safety ("DCS"), is an agency

11  of Defendant, State of Arizona and exists pursuant to statutory authority provided

12  the Legislature of State of Arizona.

13  7.      Defendant, Gregory A. McKay, on information and belief, is a resident

14  of Maricopa County, Arizona, is Director of DCS and named in his capacity as

15  such.

16  8.      Defendant, Kathryn French, on information and belief, is a resident of

17  Maricopa County, Arizona, and named individually and in her capacity as

18  employee, agent, or representative of the DCS.

19  9.      Defendant, Deborah Hager, on information and belief, is an

20  unmarried woman and a resident of Maricopa County, Arizona.

21  10.     Defendant, The New Foundation, is an Arizona corporation, with its

22  principal place of business in Maricopa County, Arizona.

23  **GENERAL ALLEGATIONS RELEVANT TO ALL COUNTS**

24  11.     Plaintiffs incorporate by reference herein all of the allegations of

25  paragraph 1 through 10 above.

26  12.     On, or about, April 28, 2017, M.E.M. was made a ward of the DCS

27  and State.

28

-2-

13.    The removal of M.E.M. from Ms. Meyer was the result of allegations of drug use and abandonment made by M.E.M. to law enforcement officers on that date; The allegations were false and fabricated by M.E.M. under instructions from Defendant Deborah Hager; Those instructions were motivated solely by Defendant Deborah Hager's intent to have M.E.M. removed from Ms. Meyer's custody.

14.    On, or about, April 28, 2017, M.E.M. was placed in the physical custody of Defendant Deborah Hager at her residence in Tonopah, Arizona ("Deborah Hager Residence").

15.    Ms. Meyer did not have any contact with M.E.M. until on, or about, July 18, 2017, after M.E.M. ran away from the Deborah Hager Residence; Only then was Ms. Meyer able to speak with M.E.M. and first learned of what had transpired between April 28, 2017 and July 18, 2017.

16.    The information contained below was provided by M.E.M. to Ms. Meyer after she finally was able to speak with her on July 18, 2017.

### Sexual Assault of M.E.M.

17.    Plaintiffs incorporate by reference all of the allegations of paragraphs above as if fully set forth herein.

18.    On July 18, 2017, Ms. Meyer learned from M.E.M. that she had been sexually assaulted by Jeffrey James Swartz (hereinafter "Jeffrey Swartz") and Samantha Dawn Ohlman (hereinafter "Samantha Ohlman") while she was at their residence in Tonopah, Arizona 85354 (hereinafter "Swartz Residence").

19.    After M.E.M. was placed in her custody, Defendant Deborah Hager forced M.E.M. to babysit for Jeffrey Swartz and Samantha Ohlman at the Swartz Residence; Defendant Deborah Hager forced M.E.M. to babysit so that she could earn money to pay for her own clothing and other items; Even though M.E.M. earned the money, Defendant Deborah Hager took it from her and kept it for herself.

20.     Defendant Deborah Hager also repeatedly allowed M.E.M. to stay overnight with Jeffrey Swartz and Samantha Ohlman; On all those separate nights when M.E.M. stayed at the Swartz Residence, Defendant Deborah Hager never once went to the Swartz Residence to check up on M.E.M.

21.     On May 14 and 15, 2017, while M.E.M. was at the Swartz Residence, Jeffrey Swartz and Samantha Ohlman forced her to engage in physical sexual relations with them, including sexual intercourse and other sexual acts; Jeffrey Swartz and Samantha Ohlman recorded the sexual encounters.

22.     Jeffrey Swartz and Samantha Ohlman showed M.E.M. recordings of other sexual encounters between themselves with other individuals.

23.     After M.E.M. told Ms. Meyer of her sexual assaults, Ms. Meyer contacted the MCSO on, or about, July 21, 2017 and reported the same.

24.     The MCSO undertook an investigation and charges were filed on September 5, 2017 against Jeffrey Swartz and Samantha Ohlman in that certain cause styled *State of Arizona v. Samantha Dawn Ohlman and Jeffrey James Swartz, Maricopa County Superior Court No. CR2017-139810* (hereinafter "MCSO Criminal Case").

**False Allegations Made of April 28, 2017**

25.     Plaintiffs incorporate by reference all of the allegations of paragraphs above as if fully set forth herein.

26.     When M.E.M. arrived at the Hager Residence, Defendant Deborah Hager was sitting outside in the backyard of her residence; M.E.M. told Defendant Deborah Hager that she was angry with her mother, Ms. Meyer, because she had sold her horse, Annie; M.E.M. further told Defendant Deborah Hager that she did not want to return home with her Mom.

27.     Defendant Deborah Hager told M.E.M. that telling Child Protective Services (hereinafter "CPS") or the Maricopa County Sheriff that she was mad at her mother for selling her horse "would not get you away from your Mom".

1  Defendant Deborah Hager then told M.E.M. that she needs to tell them that you
2  and Ms. Meyer were on drugs and that you were doing them together; Defendant
3  Deborah Hager also told M.E.M. to say that her Mom left her on the side of the
4  road; Defendant Deborah Hager further told M.E.M. that if she told the sheriff what
5  she had told her to say, she could have the Palomino, a horse she owned and had
6  on her property; Finally, Defendant Deborah Hager told M.E.M. that it would look
7  better if she called the Sheriff.

8       28.    M.E.M. did as Defendant Deborah Hager instructed and called "911"
9  following their discussion; M.E.M. spoke with a male dispatcher who transferred
10  her to the Maricopa County Sheriff's Office (hereinafter "MCSO"); M.E.M. spoke
11  to a male that answered at the MCSO and identified himself as a deputy; M.E.M.
12  told the MCSO deputy that her Mom had left her on the side of the road and the
13  MCSO deputy told M.E.M. that a deputy was being sent.

14       29.    During the time that M.E.M. was waiting for the MCSO deputy was
15  when Defendant Deborah Hager spoke with M.E.M. about reporting that she
16  should say that she and her Mom were both doing drugs that she was giving them
17  to her and that she had abandoned her on the side of the road; Defendant Deborah
18  Hager also told M.E.M. to say that she was scared of her Mom; According to
19  M.E.M., Defendant Deborah Hager was coaching her on what to say during the
20  time they were waiting for the MCSO deputy to arrive.

21       30.    A MCSO deputy arrived at the Deborah Hager Residence at
22  approximately 4:00 p.m. on April 28, 2017; M.E.M. was interviewed by the MCSO
23  Deputy in the backyard in the presence of Defendant Deborah Hager; M.E.M. told
24  the MCSO deputy she and her mother were doing drugs together and that her
25  Mom had left her on the side of the road.

26       31.    After hearing the foregoing statements, the MCSO deputy informed
27  M.E.M. he was going to call the Hotline for "CPS" (now DCS) and someone would
28  be coming; The MCSO deputy, M.E.M., Defendant Deborah Hager remained in

backyard of Hager Residence while they waited for DCS worker; Approximately 6 hours later or at approximately almost 10:00 p.m., Valerie Strayer (hereinafter "Ms. Strayer"), a female case worker from DCS went to the Hager Residence and spoke with M.E.M.; M.E.M. repeated what she had told the MCSO deputy.

32. M.E.M. and Defendant Deborah Hager both asked Ms. Stayer whether M.E.M. could stay with Defendant Deborah Hager claiming that she was M.E.M.'s aunt; Ms. Strayer told M.E.M. and Defendant Deborah Hager that she would have to call her supervisor and obtain approval to allow M.E.M. to stay with Defendant Deborah Hager; After Ms. Strayer made the call, the Supervisor approved M.E.M. staying with Defendant Deborah Hager; Ms. Strayer filled out the forms and gave Defendant Deborah Hager immediate temporary physical custody of M.E.M..

33. On information and belief, DCS case workers discovered that Defendant Deborah Hager was not M.E.M.'s aunt; Despite so learning, the DCS allowed M.E.M. to remain with Defendant Deborah Hager from April 28, 2017, through July 18, 2017.

**April 28, 2017 DCS – Meyer Interaction**

34. Plaintiffs incorporate by reference all of the allegations of paragraphs above as if fully set forth herein.

35. Ms. Strayer and MCSO deputy then went and spoke with Ms. Meyer at the McClure Residence at approximately 10:30 p.m. on April 28, 2017; The MCSO deputy remained outside while Ms. Stayer spoke with Ms. Meyer; Ms. Strayer informed Ms. Meyer of the allegations made by M.E.M. against her, that DCS had taken custody of M.E.M. and given temporary custody to Defendant Deborah Hager.

36. Ms. Meyer attempted to provide information to Ms. Strayer about Defendant Deborah Hager, including that she was manipulating and coaching

1   M.E.M.; Strayer questioned why Jesse was moving from place to place and not
2   working.

3       37.    Ms. Strayer told Ms. Meyer  Jesse that she was going to set up
4   supervised visitation to see M.E.M.; DCS case workers refused to schedule
5   visitation without providing any explanation; Jesse later learned from M.E.M. that
6   the supervised visitation probably was never set up because Defendant Deborah
7   Hager told Ms. Strayer that M.E.M. allegedly did not want to see her mother.

8       38.    Ms. Strayer told Jesse that she and M.E.M. both had to undergo drug
9   screening. Jesse underwent the drug screening on April 29, 2017; drug testing
10  results were negative.

11      39.    Ms. Strayer informed Jesse that she had a TDM Hearing ("Team
12  Decision Making") at 3:00 p.m. on Tuesday, May 2, 2017; Ms. Meyer went to TDM
13  on May 2, 2017; In attendance at the TDM were M.E.M., Defendant Deborah
14  Hager, two DCS workers, including Kathryn French and Felicia Scroggins, as well
15  as Ms. Meyer; Kathryn French was the assigned DCS worker on the case.

16      40.    During the May 2, 2017 TDM Ms. Ms. Meyer learned of the allegations
17  attributed to M.E.M.; At the conclusion of the TDM Hearing, M.E.M. was ordered
18  to remain with Defendant Deborah Hager.

19      41.    The first hearing on the Dependency case was on May 9, 2017; Ms.
20  Meyer attended; The judge ordered that M.E.M. continue in the physical custody
21  of Defendant Deborah Hager after receiving information from DCS .

22      **Defendant Deborah Hager Mistreatment of M.E.M.**

23      42.    Plaintiffs incorporate by reference all of the allegations of paragraphs
24  above as if fully set forth herein.

25      43.    On and after July 18, 2017, Ms. Meyer learned of the cruel, significant,
26  and substantial mistreatment suffered by M.E.M. while in the physical custody of
27  Defendant Deborah Hager from April 28, 2017 to July 18, 2017; During this period

28

M.E.M. was treated like a prisoner-slave by Defendant Deborah Hager as she controlled every aspect of M.E.M.'s life.

44.    Ms. Meyer was informed by M.E.M. after July 18, 2017, that Defendant Deborah Hager had instructed M.E.M. to continue with her lies about her mother; Defendant Deborah Hager also repeatedly told M.E.M. that even if she attempted to tell the truth no one would believe her and that informed M.E.M. that she was her mother now and that she was now to address her as Mom.

45.    M.E.M. told Ms. Meyer that her bedroom in the Deborah Hager Residence was like a prison cell as Defendant Deborah Hager put alarms on the bedroom door and nailed the bedroom windows shut.

46.    M.E.M. told Ms. Meyer that Defendant Deborah Hager smashed and destroyed the cellphone she had given to M.E.M. with a hoe without any concern for its value or ownership; Defendant Deborah Hager allowed a friend of hers named Samantha Ohlman Swartz to give M.E.M. a cellphone; Unbeknownst to M.E.M., Defendant Deborah Hager installed a tracking/spyware App on the cellphone so that she was able to see everything that M.E.M. communicated on every App.; Defendant Deborah Hager obtained M.E.M.'s password and even responded to numerous messages sent to M.E.M. pretending to be M.E.M..

47.    M.E.M. had long, blonde hair when she was turned over to the physical custody of Defendant Deborah Hager on April 28, 2017 but Defendant Deborah Hager immediately made her cut her hair and dyed it dark brown.

48.    Defendant Deborah Hager told M.E.M. that if she wanted a Facebook account, M.E.M. had to create one under the name of Makenna Hager Defendant Deborah Hager scrutinized and controlled everything that M.E.M. did on Facebook; As a result, M.E.M. was unable to successfully send her mother, Jesse, a friend request so that she could tell her what was happening and get help.

49.    Defendant Deborah Hager told M.E.M. that she was changing her name as she was her daughter now.

50.    When M.E.M. went to medical appointments, Defendant Deborah Hager would not allow anyone to see or talk to her out of her presence.

51.    Defendant Deborah Hager posted on social media that M.E.M. was at Southwest Behavioral, which is a violation of the Health Insurance Portability and Accountability Act (hereinafter "HIPPA").

52.    Defendant Deborah Hager refused to allow M.E.M. to call the MCSO to report that she had been choked by a tenant - physically assaulted while she was in the horse corrals.

53.    Defendant Deborah Hager falsely informed DCS that Ms. Meyer was diagnosed as bi-polar and was certain that M.E.M. likewise was afflicted with the same condition.

54.    Defendant Deborah Hager allowed a 23-year old male to stay the night with her even though Ms. Meyer had obtained an Order of Protection against that male prohibiting him from having any contact with M.E.M.

55.    While M.E.M. was in the custody of Defendant Deborah Hager she was constantly harassed by a Hager female friend; The harassment and threats were made in the presence of Defendant Deborah Hager, who simply ignored the same and did nothing to intervene or stop the abuse.

56.    M.E.M. was required to care for, lift, and bathe Defendant Deborah Hager's disabled adult daughter despite M.E.M.'s protests that it hurt her back to do so because she weighed as much, if not more, than M.E.M..

57.    While M.E.M. was in the custody of Defendant Deborah Hager M.E.M. she earned money by babysitting for Samantha Swartz and providing care for horses for other individuals; Defendant Deborah Hager took the money M.E.M. earned and used it to pay Hager household bills.

58.     M.E.M. Defendant Deborah Hager's boyfriend $300.00 to purchase a palomino gelding but he refused to give her a bill of sale; Thereafter, Defendant Deborah Hager and her boyfriend refused to give M.E.M. the palomino.

59.     M.E.M. was forced to lift and load bags of horse pellets weighing approximately 80 pounds each even though M.E.M. complained to Defendant Deborah Hager that her back was hurting.

60.     Defendant Deborah Hager refused to transport M.E.M. and made her walk anywhere she wanted to go.

**Kathryn French Negligent and Intentional Conduct**

61.     Plaintiffs incorporate by reference all of the allegations of paragraphs above as if fully set forth herein.

62.     Defendant Kathryn French was the DCS case worker assigned to M.E.M.'s case.

63.     Defendant Kathryn French engaged in negligent and/or intentional and/or otherwise improper conduct in her supervision and control of M.E.M.'s case.

64.     Defendant Kathryn French also engaged in intentional, reprehensible and manipulative conduct, the sole or primary goal of which was to continue the dependency case filed against Ms. Meyer and keep M.E.M. from her.

65.     Without undertaking a complete and thorough investigation Defendant Kathryn French made the determination that Ms. Meyer was an unfit mother and made derogatory and demeaning statements regarding Ms. Meyer in the presence of M.E.M.

66.     When M.E.M. first made her allegations against her mother, Defendant Kathryn French and the other DCS workers did not question her veracity or investigate the claims made or the reasons or motives for such.

67.     Once M.E.M. started complaining about Defendant Kathryn French, she refused to believe anything M.E.M. was telling her nor did she attempt to investigate what M.E.M. was reporting.

68.     Defendant Kathryn French realized the severity of her mismanagement of M.E.M.'s case after Ms. Meyer filed a report with the MCSO that M.E.M. had been sexually assaulted by Jeffrey Swartz and Samantha Ohlman while a ward of the State

69.     Defendant Kathryn French is motivated by her desire to discredit M.E.M. and Ms. Meyer to cover-up the State's negligence in placing M.E.M. with Defendant Deborah Hager and her own negligence in continuing M.E.M.'s placement with her.

70.     After Ms. Meyer reported the sexual assault of M.E.M. by Jeffrey Swartz and Samantha Ohlman, Defendant Kathryn French and the other DCS workers questioned and did not believe or even want to investigate the truthfulness of what M.E.M. and Ms. Meyer reported.

71.     Defendant Kathryn French failed and refused to allow visitation by Ms. Meyer with M.E.M. from April 28, 2017 to July 18, 2017.

72.     Defendant Kathryn French falsely informed Ms. Meyer that Defendant Deborah Hager had undergone a background check and was approved to be a "Foster Parent."

73.     Kathryn French required Ms. Meyer to undergo a hair follicle test.  .

74.     Kathryn French and other DCS workers refused to return calls or emails from Ms. Meyeror her mother, Mary Meyer.

75.     DCS took M.E.M. to Southwest Behavioral and M.E.M. was prescribed medications that made her totally incoherent and unable to walk.

//

//

//

-11-

## Kathryn French Continued Negligence and

## Intentional Conduct Re: M.E.M.

76.     Plaintiffs incorporate by reference all of the allegations of paragraphs above as if fully set forth herein.

77.     In mid-September 2017, M.E.M. sent Ms. Meyer a Facebook message while she was at school stating that she was not alright in reference to what had happened to her; Ms. Meyer took M.E.M. to a psychiatric hospital on the advice of her primary care physician; M.E.M. underwent an interview and was admitted and treated in-patient for 30 days.

78.     During the 30 days that M.E.M. was treated a review hearing was held by Maricopa County Juvenile Court Judge William L. Brotherton, at the Maricopa County Juvenile Court; Judge Brotherton stated that they would follow the recommendation of the doctors at Aurora.

79.     Prior to the end of the 30-day period M.E.M. was treated, Ms. Meyer called Defendant Kathryn French to discuss what would be happening with M.E.M.; M.E.M. had informed Jesse that doctors were stating that she should go home; Defendant Kathryn French admitted to Jesse that she had received the report from Aurora but not had reviewed it; Defendant Kathryn French told Ms. Meyer that M.E.M. was going to a Residential Treatment Center (RTC) and expected that M.E.M. would be there from 3 to 6 months.

80.     Defendant Kathryn French picked M.E.M. up from Aurora and took her to The New Foundation in Scottsdale, Arizona; Defendant Kathryn French unilaterally made the decision to take M.E.M. to The New Foundation and she did not seek court approval; Defendant Kathryn French also did not notify Ms. Meyer or her attorney, M.E.M.'s attorney; M.E.M.'s attorney did not know where M.E.M. was for more than a month.

81.     A review hearing on M.E.M. was held before Commissioner Jacki Ireland as the case was assigned to her due to Judge Brotherton's retirement;

When Defendant Kathryn French informed Commissioner Ireland that M.E.M. was at New Foundation, M.E.M. and Ms. Meyer's attorneys both questioned why the recommendation from Aurora that M.E.M. be allowed to go home had not been followed; Commissioner Ireland did not then question what Kathryn French had done.

82.    Defendant Kathryn French totally disregarded Ms. Meyer's concerns regarding the service dog that M.E.M. was prescribed to keep her from self-inflicting harm and PTSD; M.E.M.' primary care physician had prescribed the dog sometime in 2014; Jesse purchased the dog and she and M.E.M. took the dog to classes but M.E.M. did most of the training; M.E.M.'s dog is a Border Collie named Tucker; M.E.M. took the dog to when she was attending school; M.E.M. was without the dog from September 2017 until January 2018.

### Kathryn French Continued Intentional Conduct Re: Jesse

83.    Plaintiffs incorporate by reference all of the allegations of paragraphs above as if fully set forth herein.

84.    As instructed by Defendant Kathryn French, on November 21, 2017 Ms. Meyer attended an intake session at Terros Health in Phoenix, Arizona; The intake session was conducted by Marisol Perez; After approximately two and one-half hours, Marisol Perez informed Ms. Meyer that she had made the determination of "no services needed";Marisol Perez called Defendant Kathryn French while Jesse was still in her office and informed her of determination; When she did so, Defendant Kathryn French became very angry and incensed and insisted to Marisol Perez that she find "something"; After Marisol Perez concluded the telephone call with Defendant Kathryn French she informed Ms. Meyer that Defendant Kathryn French had informed her that if she didn't find something, she would just send over another referral until she did; On December 7, 2017, Marisol Perez notified Jesse via email that she had done further research, consulted with

1  her supervisor and included in the report she sent to Kathryn French that "no

2  services were needed."

3      85.   A CFT Meeting on M.E.M.'s case was held on November 20, 2017.

4      86.   Ms. Meyer informed Defendant Kathryn French that when M.E.M. did

5  return home she was advised that the State would be requesting the court relocate

6  Jeffrey Swartz and Samantha Ohlman due to the proximity of their residence to

7  the Mary Meyer Residence where Ms. Meyer was living; In response to that

8  information, Defendant Kathryn French responded, "Well, that will be good for

9  them."

10      87.   Ms. Meyer is informed and believes that Defendant Kathryn French

11  has communicated with victim's advocate on M.E.M.'s sexual assault case;

12  Kathryn French communications were not in M.E.M.'s best interest as she was

13  more interested in assisting Jeffrey Swartz and Samantha Ohlman.

14      88.   M.E.M. refused to take medication was causing her to breakout with

15  abscesses; Ms. Meyer informed personnel from SW Behavioral what was

16  happening, and they insisted it was not from the medications; The medication in

17  question is Trileptal and is used to treat bipolar disorder; M.E.M. has never been

18  diagnosed as being bipolar; however, Trileptal has being prescribed for her

19  because her placement was based in false and erroneous information provided by

20  Defendant Kathryn French.

21      89.   On November 28, 2017, Ms. Meyer was informed by the case workers

22  at The New Foundation that because M.E.M. is refusing her medications, she was

23  no longer eligible to obtain 24-hour passes to leave the premises her mother;

24  When asked who made that determination, Ms. Meyer was informed that it was

25  made by "M.E.M.'s team" which included Kathryn French.

26      90.   On November 28, 2017, Ms. Meyer received a voicemail message

27  from the clinician at The New Foundation stating she now had to check with

28  Defendant Kathryn French for visits with M.E.M..

91.     On November 28, 2017, Ms. Meyer received a telephone call from Marisol Perez of Terros Health, who informed her that Defendant Kathryn French told her that Jesse's family members told her that Ms. Meyer had to be "restrained" and that she was on drugs; Marisol Perez also told Ms. Meyer that Defendant Kathryn French also proceeded to chew her out for putting her on the spot by calling her when Ms. Meyer was in the room; Marisol Perez reiterated to Ms. Meyer tat if the intake came back with "no services needed," that Defendant Kathryn French would be very upset and just submit another referral.

92.     On November, 28, 2017, Ms. Meyer learned that M.E.M. had been assaulted at The New Foundation by a staff employee.

93.     On November 30, 2017, M.E.M. refused to take the Trileptal because of the abscesses and rash it causes.

94.     On December 5, 2017, M.E.M. was assaulted by another female patient in The New Foundation.

95.     The Scottsdale Police Department filed assault charges against the other female patient, who was removed from the facility.

96.     M.E.M. was knocked unconscious as a result of the assault and that her head hurt once she came to; however, the staff of The New Foundation never sought medical attention for her.

97.     A staff member of The New Foundation informed M.E.M. that both Ms. Meyer and her grandmother, Mary Meyer, had been advised of the assault on M.E.M., when, in fact, no such notification was provided to Jesse and her mother.

98.     Ms. Meyer received a telephone call from a female named Lindsey at The New Foundation advising that Defendant Kathryn French has instructed her that M.E.M. may not have any passes because she is refusing to take the Trileptal.

//

//

//

**The New Foundation Violations of the ADA and the**

**Arizona Civil Rights Act, Article 3, A.R.S. § 41-1441, _et seq_.**

99.   Plaintiffs incorporate by reference all of the allegations of paragraphs above as if fully set forth herein.

100.   M.E.M. was placed at The New Foundation after she was released from Aurora.

101.   The decision to place M.E.M. at The New Foundation was made unilaterally by Defendant Kathryn French.

102.   During the time that M.E.M. was at The New Foundation, both Jesse and M.E.M. requested that M.E.M. be allowed to have her service dog with her.

103.   M.E.M.'s primary care physician prescribed the dog in approximately 2014 as a result of M.E.M.'s tendency to cause self-inflicted cuts to her arms and legs and other body parts.

104.   The service dog has been trained to alert and assist M.E.M. from causing herself such self-inflicted wounds.

105.   The New Foundation violated the ADA as well as the Arizona Civil Rights Act, Article 3, Public Accommodations, A.R.S. §§ 41-1441 and 41-1442 by refusing to allow M.E.M. to have her service dog.

<u>COUNT ONE</u>

**(VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983)**

**(Against Defendant Kathryn French and Defendant Deborah Hager)**

106.   Plaintiffs incorporate by reference all of the allegations of paragraphs above as if fully set forth herein.

107.   This claim is submitted against the Defendant Kathryn French, individually, and Deborah Hager, individually, as a result of the deprivation of M.E.M. and Ms. Meyer's constitutional rights to substantive due process under the United States Constitution pursuant to Title 42 United States Code Section 1983 (hereinafter "42 USC § 1983").

108.   Section 1983 imposes liability on one who, under color of law, deprives a person of any "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

109.   Government officials performing discretionary functions, however, receive qualified immunity from § 1983 actions unless their conduct violated a clearly established constitutional or federal statutory right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

110.   A right is "clearly established" when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

111.   Establishing liability requires more than alleging a "violation of extremely abstract rights." *Id.* at 639, 107 S.Ct. 3034.

112.   An official's specific action, however, need not previously have been held unlawful. *Id.* at 640, 107 S.Ct. 3034.

113.   Rather, the unlawfulness must be apparent in light of preexisting law. *Id.*

114.   If Ms. Meyer and M.E.M. are able to show a violation of their clearly established constitutional right, then Defendant Kathryn French and Deborah Hager, both acting under color of law, must demonstrate that their conduct was reasonable under the applicable standard of care. *See, e.g., Romero v. Kitsap County,* 931 F.2d 624, 627 (9th Cir.1991).

115.   In determining the appropriate standard for imposing § 1983 liability, the Arizona Supreme Court has acknowledged that standards of state tort law do not apply, and the question is whether Ms. Meyer's and M.E.M.'s federal constitutional rights were violated. *See, Weatherford ex rel. Michael v. State*, 206 Ariz. 529, 81 P.3d 320 (2003).

116. In *Weatherford* the Arizona Supreme Court stated that "Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." *Daniels v. Williams,* 474 U.S. 327, 332, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). *Id.* at 324.

117. The touchstone of substantive due process is protection against government power arbitrarily and oppressively exercised. *Id.* at 331-32, 106 S.Ct. 662; *see also County of Sacramento v. Lewis,* 523 U.S. 833, 845-46, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

118. The Due Process Clause is "intended to prevent government officials from abusing their power or employing it as an instrument of oppression." *Sacramento,* 523 U.S. at 846, 118 S.Ct. 1708 (citations and quotations omitted).

119. Any alleged abusive executive conduct must be "arbitrary in the constitutional sense" to implicate the Due Process Clause. *Id.* (quoting *Collins v. City of Harker Heights,* 503 U.S. 115, 129, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)).

120. The U.S. Supreme Court long ago stated that "If it is cruel and unusual punishment to hold convicted criminals in unsafe conditions, it must be unconstitutional to confine the involuntarily committed—who may not be punished at all—in unsafe conditions." *Youngberg v. Romeo,* 457 U.S. 307, 321, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982).

121. Based on this reasoning, the *Youngberg* Court held that § 1983 liability may be imposed for executive decisions that are "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323, 102 S.Ct. 2452.

122.   In discussing § 1983 as applied to social workers the Arizona Supreme Court in *Weatheford* held as follows:

> ***We hold, therefore, that a foster child can establish § 1983 liability against a state official by showing that the official, without justification, acted with deliberate indifference by placing a child in foster care or by maintaining a placement when the official knew that the placement exposed the child to danger or would have known of the danger but for the official's deliberate indifference.*** If a state worker, with time to consider the placement for a foster child, acts with such deliberate indifference as to ignore information indicating that the placement will result in danger to the child or refuses to obtain information that, if considered, would reveal a danger to the child, the official's indifference is sufficiently egregious to justify imposing liability under § 1983. [*Emphasis supplied*]

*Weatherford ex rel. Michael v. State*, 206 Ariz. 529, 81 P.3d 320, 328-29.

123.   Based upon the facts set forth above, Jesse and M.E.M. submit that the conduct of Defendant Kathryn French and Defendant Deborah Hager as set forth above violated clearly established constitutional or federal statutory rights which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

124.   Jesse and M.E.M. further submit that Defendant Kathryn French made executive decisions that are "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [she] the person responsible actually did not base the decision on such a judgment." *Youngberg v. Romeo*, 457 U.S. 307, 323, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982).

125.   As a direct and proximate cause of the wrongful conduct described above, Jesse and M.E.M. have suffered damages, including emotional and/or psychological pain and suffering, and both economic and non-economic damages.

//

//

//

## COUNT ONE

### (NEGLIGENCE)

### (Against The State, DCS, and Defendant Kathryn French)

126.   Plaintiffs incorporate by reference all of the allegations of paragraphs above as if fully set forth herein.

127.   At all times alleged herein the State is subject to civil suit and may be held independently liable and/or vicariously liable for the conduct of its agencies, employees, agents, representatives, etc., including without limitation the DCS and its director, employees, agents, representatives, *etc.*

128.   At all times material herein, Director McKay was the duly appointed Director of DCS, with ultimate authority and supervisory responsibility for its operations, including without limitation, the care of minors under the care, custody, and control of the DCS, including the provision of adequate medical assistance and care to minors in DCS custody, care, and control.

129.   In his capacity as Director, Director McKay was an employee and/or agent of the State, with the authority and responsibility to establish policies, practices, customs, procedures, protocols, and/or training for employees of DCS. Director McKay's actions and/or inactions constitute actions of the State and DCS.

130.   At all times material herein, Defendant Kathryn French was the duly appointed or designated caseworker on M.E.M.'s case, with ultimate authority and supervisory responsibility for care, custody, and control, including the provision of a safety living environment and adequate medical care.

131.   In her capacity as caseworker, Defendant Kathryn French was an employee and/or agent of the State and DCS.

132.   Defendant Kathryn French's actions and/or inactions constitute actions of the State and DCS.

133.   The State, DCS, Director McKay, and Defendant Kathryn French, have statutory duties pursuant to A.R.S. §§ 8-451 through 8-456, including

providing for the safety, health, and welfare of minors in their custody and providing a proper placement to ensure the same.

134. The State, DCS, Director McKay, and Defendant Kathryn French breached their duties to M.E.M. and Ms. Meyer as set forth above.

135. The State, DCS and Director McKay are legally responsible for the screening, hiring, training, retaining, and supervision of all employees and agents.

136. This responsibility includes, without limitation, making certain that such employees and agents satisfy all federal, state, and applicable standards.

137. This responsibility also includes, without limitation, making certain that DCS policies, procedures, practices, protocols, customs, and training satisfy all federal, state, and applicable standards.

138. This responsibility also includes, without limitation, responding to known problems and/or improper customs, policies, practices, procedures, training and/or conditions.

139. The responsibility for overseeing the operations of the DCS lies with the State and Director McKay.

140. The State, DCS and Director McKay were negligent in the performance of those duties and responsibilities, including the improper hiring, training, and retention of Defendant Kathryn French.

141. Director McKay was the DCS's official policy maker.

142. In that official capacity, the State, DCS and Director McKay breached the duties to M.E.M. as identified above, including without limitation, ratifying improper conditions, customs, policies, protocols, procedures, and/or practices by inaction; implementing, utilizing, and/or permitting to exist unreasonably dangerous conditions, customs, policies, protocols, procedures, practices, and training, or lack thereof, with respect to, without limitation, the proper placement, supervision, health and welfare minors such as M.E.M..

143.   As a direct and proximate cause of the wrongful conduct of the State, DCS, Director McKay, and Defendant Kathryn French, Ms. Meyer and M.E.M. have suffered damages, including emotional and/or psychological pain and suffering, and both economic and non-economic damages.

## COUNT THREE

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/MENTAL ANGUISH)

### (Against The State, DCS and Defendant Kathryn French)

144.   Plaintiffs incorporate by reference all of the allegations of paragraphs above as if fully set forth herein.

145.   The Restatement (Second) Torts, §46 defines "intentional infliction of emotional distress" as outrageous conduct intended to cause, and in fact causing, severe emotional distress.

146.   Arizona recognizes a cause of action for outrageous conduct and for the intentional infliction of emotional distress. *See*, *e.g.*, *Puz v. McDonald*, 140 Ariz. 77, 680 P.2d 213 (App.Div.2 1984); *Patton v. First Federal Savings and Loan Association*, 118 Ariz. 473, 578 P2d 152 (1978); *Cluff v. Farmers Insurance Exchange*, 10 Ariz.App. 560, 460 P.2d 666, 39 A.L.R. 3d 731 (1969).

147.   It also is well settled in Arizona that compensatory damages may be recovered for mental anguish and emotional distress resulting from intentional wrongdoing of the defendant. *Valley National Bank v. Brown*, 110 Ariz. 260, 517 P.2d 1256 (1974); *Deno v. Transamerica Title Insurance Company*, 126 Ariz. 527, 617 P2d 35 (App.Div.1 1980).

148.   As a direct and proximate cause of the wrongful conduct described above, Jesse and M.E.M. have suffered damages, including emotional and/or psychological pain and suffering, and both economic and non-economic damages.

//

//

//

-22-

## COUNT FOUR

### (PUNITIVE DAMAGES)

**(Against Defendant Kathryn French and Defendant Deborah Hager)**

149.   Plaintiffs incorporate by reference all of the allegations of paragraphs above as if fully set forth herein.

150.   A.R.S. § 12-820.04 provides that "Neither a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages."

151.   Ms. Meyer and M.E.M. submit that Defendant Kathryn French and Defendant Deborah Hager are liable for punitive damages even if it is determined that their conduct was outside the scope of their employment because they "purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation." *See*, Restatement (Second) of Agency, §219(a)(1) (d).

152.   Ms. Meyer and M.E.M. submit that Defendant Kathryn French should be liable for punitive damages for her outrageous conduct.

153.   The Arizona Supreme Court has long recognized that the purpose of punitive damages is to punish the defendant for reckless or intentional wrongdoing and not to compensate the plaintiff for his loss. *Acheson v. Shafter*, 107 Ariz. 576, 490 P.2d 832 (1971).

## COUNT FIVE

### (VIOLATIONS OF THE ADA AND THE ARIZONA CIVIL RIGHTS ACT, ARTICLE 3, A.R.S. § 41-1441, *et seq.*)

**(Against Defendant The New Foundation)**

154.   Plaintiffs incorporate by reference all of the allegations of paragraphs above as if fully set forth herein.

155.   Ms. Meyer and M.E.M. submit that The New Foundation violated the ADA as well as the Arizona Civil Rights Act, Article 3, Public Accommodations,

A.R.S. §§ 41-1441 and 41-1442 by refusing to allow M.E.M. to have her service dog and is liable for M.E.M. for damages therefrom.

156.   Those damages include without limitation pain and suffering from self-inflicted wounds as well medical and other expenses incurred by Jesse on her behalf for such medical treatment.

### DEMAND FOR JURY TRIAL

157. Plaintiffs hereby request and demand a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this court enter judgment in their favor and against Defendants, jointly and severally, as follows:

A.    For general damages in an amount to be proven at trial, as to the causes of action, claims, and theories of relief alleged herein.

B.    For punitive damages against the individually-named defendants, including those whose identifies have not yet been ascertained, in an amount deemed just and reasonable as to the causes of action, claims, and theories of relief alleged herein.

C.    For plaintiffs' costs and attorney's fees against all the defendants, pursuant to 42 U.S.C. § 1988.

D.    For such other and further relief as the court deems just and proper in the premises.

**DATED** this _____ day of July, 2018.

/s/ _____
RICHARD M. MARTINEZ
Counsel for Plaintiffs

-24-

1   **RICHARD M. MARTINEZ, SBA NO. 7763**
    P.O. Box 43250
2   Tucson, Arizona 85733-3250
    (520) 609-6324
3   richard@richardmartinezlaw.com
    **Counsel for Plaintiffs**
4



5           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

6              **IN AND FOR THE COUNTY OF MARICOPA**

7   **JESSE MEYER**, a single woman,        No.   CV2018-091523
    individually and as mother of **M.E.M**, a
8   female minor,                           **CERTIFICATE REGARDING**
                                            **COMPULSORY ARBITRATION**
9                       Plaintiffs,

10  vs.

11  **STATE OF ARIZONA**, a political entity;
    **ARIZONA DEPARTMENT OF CHILD**
12  **SAFETY**, an agency of the State of
    Arizona; **GREGORY A. MCKAY**, in his
13  capacity as Director of the Arizona
    Department of Child Safety; **KATHRYN**
14  **FRENCH**, individually and in her
    capacity as employee of the Arizona
15  Department of Child Safety;
    **DEBORAH HAGER**, individually and
16  as agent or representative of the
    Arizona Department of Child Safety;
17  **THE NEW FOUNDATION**, an Arizona
    corporation,
18
                        Defendants.
19

20          **COME NOW** the Plaintiffs, by and through counsel undersigned, and hereby

21  certify that they know the dollar limits and any other limitations set forth by the local rules

22  of practice for the applicable superior court, and further certify that this case is not subject

23  to compulsory arbitration pursuant to Rules 72 through 76, Arizona Rules of Civil

24  Procedure.

25          **DATED** this ___17th___ day of July, 2018.

26

27                                          _____
                                            RICHARD M. MARTINEZ
28                                          Counsel for Plaintiffs

**RICHARD M. MARTINEZ, SBA #7763**
P.O. Box 43250
Tucson, Arizona 85733-3250
(520) 609-6324
richard@richardmartinezlaw.com
**Counsel for Plaintiffs**

ATTORNEY GENERAL'S OFFICE

DATE RECEIVED _Jan 25, 2019_

TIME RECEIVED _11:33 / # P2000031 / PS 11-002_

RECEIVED FROM _Paul Nye_
_Proc. Serv._

SIGNED _L Fischer_

CHRIS DEROSE, CLERK
RECEIVED CCC #3
MENT DEPOSITORY

10 JUL 17 PM 9: 10

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **JESSE MEYER**, a single woman, individually and as mother of **M.E.M**, a female minor,<br><br>Plaintiffs,<br><br>vs.<br><br>**STATE OF ARIZONA**, a political entity; **ARIZONA DEPARTMENT OF CHILD SAFETY**, an agency of the State of Arizona; **GREGORY A. MCKAY**, in his capacity as Director of the Arizona Department of Child Safety; **KATHRYN FRENCH**, individually and in her capacity as employee of the Arizona Department of Child Safety; **DEBORAH HAGER**, individually and as agent or representative of the Arizona Department of Child Safety; **THE NEW FOUNDATION**, an Arizona corporation,<br><br>Defendants. | No.     CV2018-091523<br><br>**CIVIL SUMMONS**<br><br>**(State of Arizona)**<br><br><span style="color:red">If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434<br>or<br>www.maricopalawyers.org<br>Sponsored by the<br>Maricopa County Bar Association</span><br><br>Assigned to the Honorable |

**THE STATE OF ARIZONA TO:   STATE OF ARIZONA**

1. A lawsuit has been filed against you.

2. If you do not want a Judgment taken against you for the relief demanded in the accompanying Complaint, you must file a written Answer with the Maricopa County Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003, accompanied by the necessary filing fee.

3. The Answer must be filed within **TWENTY DAYS**, exclusive of the date of service, if served within the State of Arizona, or within **THIRTY DAYS**, exclusive of the date of service, if served outside the State of Arizona.

4. This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

5. The name and address of plaintiffs' attorney is:

Richard M. Martinez, Esq.
P.O. Box 43250
Tucson, Arizona 85733-3250
(520) 609-6324 phone
richard@richardmartinezlaw.com
Counsel for Plaintiffs

Page **1** of **2**

6.  Requests for reasonable accommodation for persons with disabilities must be made to the court by the parties at least 3 working days in advance of a scheduled court proceeding.

**WITNESS My Hand and Seal of the Superior Court this date.** _____

**CHRIS DEROSE, CLERK**
**MARICOPA COUNTY SUPERIOR COURT**

JUL 17 2018

CHRIS DEROSE, CLERK
A. HATCH
DEPUTY CLERK

By _____
              Deputy Clerk



# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**\*\*FILED\*\***
09/26/2018
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

09/22/2018                         COURT ADMINISTRATION

**Case Number:** CV2018-091523

**Jesse Meyer**

**V.**

**State Of Arizona**

---

The Judge assigned to this action is the Honorable David Palmer

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 07/17/2018 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 10/15/2018. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

## Superior Court of Maricopa County - integrated Court Information System
### Endorsee Party Listing
Case Number:  CV2018-091523

| Party Name | Attorney Name | |
|---|---|---|
| Jesse Meyer | Richard M Martinez | Bar ID:  007763 |

Chris DeRose, Clerk of Court
*** Electronically Filed ***
K. Dyer, Deputy
10/11/2018 6:52:00 PM
Filing ID 9789806

**RICHARD M. MARTINEZ, SBA # 7763**
P.O. Box 43250
Tucson, Arizona 85733-3250
(520) 609-6324
richard@richardmartinezlaw.com
**Counsel for Plaintiffs**

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **JESSE MEYER**, a single woman, individually and as mother of **M.E.M**, a female minor, | ) |
| Plaintiffs, | No. CV2018-091523 |
| vs. | |
| **STATE OF ARIZONA**, a political entity; **ARIZONA DEPARTMENT OF CHILD SAFETY**, an agency of the State of Arizona; **GREGORY A. MCKAY**, in his capacity as Director of the Arizona Department of Child Safety; **KATHRYN FRENCH**, individually and in her capacity as employee of the Arizona Department of Child Safety; **DEBORAH HAGER**, individually and as agent or representative of the Arizona Department of Child Safety; **THE NEW FOUNDATION**, an Arizona corporation, | **PLAINTIFF'S FIRST MOTION TO EXTEND TIME FOR SERVICE OF PROCESS ON DEFENDANTS** |
| | Assigned to: Hon. David Palmer |
| Defendants. | |

Plaintiff, Jesse Meyer, by and through counsel undersigned, pursuant to 16 A.R.S. Rules of Civil Procedure, Rule 4(i), respectfully moves the court for an order enlarging the time for service of process for a period of 60 days from October 14, 2018 until Friday, December 14, 2018.

This action is based on the negligence of the various named defendants for their failure to properly care for and ensure the safety and well-being of Plaintiff's minor daughter while she was in the custody of said defendants. As alleged in the complaint, Plaintiff's daughter was sexually assaulted by a husband and wife who were allowed to have her temporary physical custody.

-1-

Those individuals entered changes of plea on September 21, 2018 and now are scheduled to be sentenced on October 22, 2018 in Maricopa County Superior Court Cause No. CR2017-139810-001 and 139810-001. Plaintiff Meyer desires to amend her complaint now that the defendants have entered a change of plea. Prior to so doing, Plaintiff Meyer desires to obtain further information from the prosecution regarding the exact nature of the evidence it has against said defendants in the criminal case. Plaintiff Meyer submits that the foregoing establishes good cause to grant the requested extension.

16 A.R.S. Rules of Civil Procedure, Rule 4(i), effective January 1, 2017, now provides, *inter alia*, as follows:

> **(i) Time Limit for Service.** If a defendant is not served with process within **90 days** after the complaint is filed, the court--on motion, or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This Rule 4(i) does not apply to service in a foreign country under Rules 4.2(i), (j), (k), and (*l*). [*Emphasis supplied*]

The complaint in the instant cause was filed on July 17, 2018 and the 90-day time period for service expires on October 14, 2018.

Time limits can be extended by the court pursuant to 16 A.R.S. Rules of Civil Procedure, Rule 6(b) provides, *inter alia*, as follows:

> **Rule 6. Computing and Extending Time**
> * * *
> **(b) Extending Time.**
>      (1) *Generally.* ***When an act may or must be done within a specified time, the court may, for good cause, extend the time***: [*Emphasis supplied*]
>                (A) ***with*** or without ***motion*** or notice ***if the*** court acts, or ***the request is made, before the original time or its extension expires;*** or [*Emphasis supplied*]
>                (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

1    Based upon the foregoing, Plaintiff Meyers submits that good cause exists
2  to grant the requested enlargement of 60 days pursuant to 16 A.R.S. Rules of
3  Civil Procedure, Rule 6(b).
4        **DATED** this _____ day of July, 2018.

5

6                                              RICHARD M. MARTINEZ
                                               Counsel for Plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Granted as Submitted
***See eSignature page***

Chris DeRose, Clerk of Court
*** Electronically Filed ***
I. Ostrander, Deputy
10/19/2018 8:00:00 AM
Filing ID 9801842

1   **RICHARD M. MARTINEZ, SBA # 7763**
2   P.O. Box 43250
    Tucson, Arizona 85733-3250
    (520) 609-6324
3   richard@richardmartinezlaw.com
    **Counsel for Plaintiffs**
4

5           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
6           IN AND FOR THE COUNTY OF MARICOPA**

7   **JESSE MEYER**, a single woman,          )
    individually and as mother of **M.E.M**, a  )
8   female minor,                             )
                                              )
9                   Plaintiffs,               )   No. CV2018-091523
                                              )
10  vs.                                       )
                                              )
11  **STATE OF ARIZONA**, a political entity; )  **ORDER EXTENDING TIME FOR**
    **ARIZONA DEPARTMENT OF CHILD**           )  **SERVICE OF PROCESS ON**
12  **SAFETY**, an agency of the State of     )  **DEFENDANTS**
    Arizona; **GREGORY A. MCKAY**, in his     )
13  capacity as Director of the Arizona       )
    Department of Child Safety; **KATHRYN**   )
14  **FRENCH**, individually and in her       )
    capacity as employee of the Arizona       )
15  Department of Child Safety;               )
    **DEBORAH HAGER**, individually and       )
16  as agent or representative of the         )  Assigned to:
    Arizona Department of Child Safety;       )  Hon. David Palmer
17  **THE NEW FOUNDATION**, an Arizona        )
    corporation,                              )
18                                            )
                    Defendants.               )
19

20          The "Plaintiff's First Motion to Extend Time for Service of Process on

21  Defendants" filed by Plaintiff Jesse Meyer having come before the court and good

22  cause appearing,

23          **IT IS ORDERED** that Plaintiff's motion is **GRANTED** and Plaintiff shall have

24  an additional 60 days until Friday, December 14, 2018 to serve of process on

    Defendants.
25
            **DATED** this _____ day of October, 2018.
26

27
                                        _____
28                                      Honorable David Palmer
                                        Judge, Maricopa County Superior Court

# eSignature Page 1 of 1

Filing ID: 9801842   Case Number: CV2018-091523
Original Filing ID: 9789806

**Granted as Submitted**



/S/ David Palmer Date: 10/16/2018

Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2018-091523      SIGNATURE DATE: 10/16/2018

E-FILING ID #: 9801842      FILED DATE: 10/19/2018 8:00:00 AM

RICHARD M MARTINEZ

ARIZONA DEPARTMENT OF CHILD SAFETY
NO ADDRESS ON RECORD

DEBORAH HAGER
NO ADDRESS ON RECORD

GREGORY A MCKAY
NO ADDRESS ON RECORD

KATHRYN FRENCH
NO ADDRESS ON RECORD

NEW FOUNDATION, THE
NO ADDRESS ON RECORD

STATE OF ARIZONA
NO ADDRESS ON RECORD

Chris DeRose, Clerk of Court
*** Electronically Filed ***
M. King, Deputy
12/13/2018 10:36:00 AM
Filing ID 9974917

**RICHARD M. MARTINEZ, SBA # 7763**
P.O. Box 43250
Tucson, Arizona 85733-3250
(520) 609-6324
richard@richardmartinezlaw.com
**Counsel for Plaintiffs**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **JESSE MEYER**, a single woman, individually and as mother of **M.E.M**, a female minor,<br><br>                          Plaintiffs,<br><br>vs.<br><br>**STATE OF ARIZONA**, a political entity; **ARIZONA DEPARTMENT OF CHILD SAFETY**, an agency of the State of Arizona; **GREGORY A. MCKAY**, in his capacity as Director of the Arizona Department of Child Safety; **KATHRYN FRENCH**, individually and in her capacity as employee of the Arizona Department of Child Safety; **DEBORAH HAGER**, individually and as agent or representative of the Arizona Department of Child Safety; **THE NEW FOUNDATION**, an Arizona corporation,<br><br>                          Defendants. | No. CV2018-091523<br><br>**PLAINTIFF'S EXPEDITED MOTON FOR SECOND EXTENSION OF TIME FOR SERVICE OF PROCESS ON DEFENDANTS**<br><br><br><br><br><br><br>Assigned to:<br>Hon. David Palmer |

Plaintiff, Jesse Meyer, by and through counsel undersigned, pursuant to 16 A.R.S. Rules of Civil Procedure, Rule 4(i), respectfully moves the court for an order enlarging the time for service of process for a period of 45 days from December 14, 2018 until Monday, January 28, 2018.

This action is based on the negligence of the various named defendants for their failure to properly care for and ensure the safety and well-being of Plaintiff's minor daughter while she was in the custody of said defendants. As alleged in the complaint, Plaintiff's daughter was sexually assaulted by a husband and wife who were allowed to have her temporary physical custody. Those individuals entered

changes of plea on September 21, 2018 and originally were scheduled to be sentenced on October 22, 2018 in Maricopa County Superior Court Cause No. CR2017-139810-001 and 139810-001. Only the husband was sentenced on October 22, 2018, and wife's sentencing was continued to November 9, 2018.

Plaintiff Meyer desires to amend her complaint now that the defendants have been sentenced. Prior to so doing, Plaintiff Meyer still is attempting to obtain further information regarding the exact nature of the evidence obtained as a result of the investigation against said defendants in the criminal case. Plaintiff Meyer submits that the foregoing establishes good cause to grant the requested extension.

16 A.R.S. Rules of Civil Procedure, Rule 4(i), effective January 1, 2017, now provides, *inter alia*, as follows:

> **(i) Time Limit for Service.** If a defendant is not served with process within **90 days** after the complaint is filed, the court--on motion, or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This Rule 4(i) does not apply to service in a foreign country under Rules 4.2(i), (j), (k), and (*l*). [*Emphasis supplied*]

The complaint in the instant cause was filed on July 17, 2018 and the 90-day time period for service expires on October 14, 2018.

Time limits can be extended by the court pursuant to 16 A.R.S. Rules of Civil Procedure, Rule 6(b) provides, *inter alia*, as follows:

> **Rule 6. Computing and Extending Time**
> * * *
> **(b) Extending Time.**
> (1) *Generally.* ***When an act may or must be done within a specified time, the court may, for good cause, extend the time***: [*Emphasis supplied*]
> (A) ***with*** or without ***motion*** or notice ***if the*** court acts, or ***the request is made, before the original time or its extension expires;*** or [*Emphasis supplied*]
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

1     On October 12, 2018, Plaintiff Meyers filed her first motion for an extension
2  and the same was granted pursuant to Order entered October 19, 2018.

3     Plaintiff Meyers now is requesting an extension until February

4     Based upon the foregoing, Plaintiff Meyers submits that good cause exists
5  to grant the requested enlargement of 45 days from December 14, 2018, pursuant
6  to 16 A.R.S. Rules of Civil Procedure, Rule 6(b) until Monday, January 28, 2018.

7     Barring extraordinary circumstances, Plaintiff Meyers will not seek any
8  additional enlargement of the time for service.

9     An expedited ruling is requested so that Plaintiff Meyers and her counsel
10  can know whether service has to be effectuated on or before Friday, December
11  14, 2018.

12     **DATED** this __13th__ day of December, 2018.

13                                              */s/Richard M. Martinez, Esq.*
                                                   RICHARD M. MARTINEZ
14                                                   Counsel for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
12·21·18  4:10pm
CHRIS DeROSE, Clerk
By_____
Deputy

1   **RICHARD M. MARTINEZ, SBA # 7763**
    P.O. Box 43250
2   Tucson, Arizona 85733-3250
    (520) 609-6324
3   richard@richardmartinezlaw.com
    **Counsel for Plaintiffs**
4

5          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
              **IN AND FOR THE COUNTY OF MARICOPA**
6

7   JESSE MEYER, a single woman,          )
    individually and as mother of M.E.M, a )
8   female minor,                          )
                                           )
9              Plaintiffs,                 )    No. CV2018-091523
                                           )
10  vs.                                    )
                                           )
11  STATE OF ARIZONA, a political entity;  )  **ORDER EXTENDING TIME FOR**
    **ARIZONA DEPARTMENT OF CHILD**        )  **SERVICE OF PROCESS ON**
12  **SAFETY**, an agency of the State of  )  **DEFENDANTS**
    Arizona; **GREGORY A. MCKAY**, in his  )
13  capacity as Director of the Arizona    )
    Department of Child Safety; **KATHRYN**)
14  **FRENCH**, individually and in her    )
    capacity as employee of the Arizona    )
15  Department of Child Safety;            )
    **DEBORAH HAGER**, individually and    )
16  as agent or representative of the      )
    Arizona Department of Child Safety;    )  Assigned to:
17  **THE NEW FOUNDATION**, an Arizona     )  Hon. David Palmer
    corporation,                           )
18                                         )
               Defendants.                 )
19

20        The "Plaintiff's Expedited Motion for <u>Second</u> Extension of Time for Service

21  of Process on Defendants" filed by Plaintiff Jesse Meyer having come before the

22  court and good cause appearing,

23        **IT IS ORDERED** that Plaintiff's motion is **GRANTED** and Plaintiff shall have

24  an additional 45 days until Friday, December 14, 2018 until Monday, January 28,

25  2019, to serve of process on Defendants. DEC 19 2018

26        **DATED** this _____ day of December, 2018

27
                                    _____
28                                  Honorable David Palmer
                                    Judge, Maricopa County Superior Court

Chris DeRose, Clerk of Court
*** Electronically Filed ***
12/24/2018 8:00 AM

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CV 2018-091523                                   12/21/2018


HONORABLE DAVID J. PALMER

CLERK OF THE COURT
I. Ostrander
Deputy


JESSE MEYER                                      RICHARD M MARTINEZ

v.

STATE OF ARIZONA, et al.                         STATE OF ARIZONA
                                                 NO ADDRESS ON RECORD


                                                 KATHRYN FRENCH
                                                 NO ADDRESS ON RECORD
                                                 DEBORAH HAGER
                                                 NO ADDRESS ON RECORD
                                                 GREGORY A MCKAY
                                                 NO ADDRESS ON RECORD
                                                 ARIZONA DEPARTMENT OF CHILD
                                                 SAFETY
                                                 NO ADDRESS ON RECORD
                                                 NEW FOUNDATION, THE
                                                 NO ADDRESS ON RECORD
                                                 JUDGE PALMER


## ORDER SIGNED


The Court is in receipt of *Plaintiff's Expedited Motion for Second Extension of Time for Service of Process on Defendants* filed on December 13, 2018.

**IT IS ORDERED** granting Plaintiff's motion, all in accordance with the formal written *Order Extending Time for Service of Process on Defendants* signed by the Court on December 19, 2018, and filed (entered) by the clerk on December 21, 2018.

Docket Code 022                   Form V000A                          Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2018-091523                                    12/21/2018


**Please note**:  The Court has signed a paper copy of the order.  After the order has been scanned and docketed by the Clerk of Court, a copy of the order will be available online through the ECR at www.clerkofcourt.maricopa.gov, through www.AZTurboCourt.gov, and from the public access terminals at the Clerk of Court's offices located throughout Maricopa County.

**AZ ACCURATE PROCESS SERVICES**
**P.O. BOX 4674**
**RIO RICO, ARIZONA 85624**
**Phone: 520-313-3202**
**Email: peninv@peninv.com**

JEFF FINE, CLERK

*[stamp: S DEROSE, CLERK RECEIVED CCC #3 ...T DEPOSITORY 19 JAN 27 AM 6: 52]*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **JESSE MEYER, et al.** | **Case No. CV2018-091523** |
| **Plaintiff,** | |
| **vs.** | **AFFIDAVIT OF SERVICE BY PRIVATE PROCESS SERVER** |
| **STATE OF ARIZONA, et al.** | |
| **Defendants.** | CLERK OF THE SUPERIOR COURT FILED<br>JAN 27 2019  *6:52am*<br>*Ocinico* Deputy |

**STATE OF ARIZONA, COUNTY OF SANTA CRUZ**

The undersigned under Penalty, that I am a Process Server, Registered in Santa Cruz County, Arizona appointed by the Court and that on January 24, 2019, I received from the Law Office of Richard M. Martinez, P.O. Box 43250, Tucson, Arizona 85733, the documents listed below.

(1) SUMMONS RE: <u>STATE OF ARIZONA</u>, (2) COMPLAINT, (3) CERTIFICATE REGARDING COMPULSORY ARBITRATION, (4) ORDER EXTENDING TIME FOR SERVICE OF PROCESS ON DEFENDANTS, AND (5) MINUTE ENTRY (RE: ORDER SIGNED GRANTING SECOND EXTENSION OF TIME FOR SERVICE).

And that I personally served the documents listed above in the manner and upon the person shown below.

01/25/2019 @ 11:13 a.m. Served Documents listed above to: Lisa Fisher, Designated Person to accept service, c/o Office of the Arizona Attorney General, 2005 North Central Avenue, Phoenix, Arizona 85004.

Description: Race: Caucasian; Sex: Female; Age: 55; Height: 5' 2"; Weight: 200 lbs; Hair: Brown; Eyes: Brown; Does not speak with any noticeable accent

SUBSCRIBED AND SWORN TO before me on this _26th_ day of January , 2019, by the affiant who is personally known to me.

I certify under penalty that the foregoing is true and correct.

*Paul E. Nye*
**PAUL E. NYE, SC – PS – 11-002**

SUBSCRIBED AND SWORN TO before me by the affiant who is personally known to me.

*Cecia J Gage*
**Notary Public**

*[stamp: OFFICIAL SEAL<br>CECILIA J GAGE<br>Notary Public - State of Arizona<br>PIMA COUNTY<br>My Comm. Expires Feb. 24, 2020]*

**AZ ACCURATE PROCESS SERVICES**
**P.O. BOX 4674**
**RIO RICO, ARIZONA 85624**
**Phone: 520-313-3202**
**Email:** peninv@peninv.com

JEFF FINE, CLERK

CHRIS DEROSE, CLERK
RECEIVED CED #3
LIGHT DEPOSITORY

19 JAN 27  AM 6: 54

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **JESSE MEYER, et al.**<br><br>          **Plaintiff,**<br>**vs.**<br><br>**STATE OF ARIZONA, et al.**<br><br>          **Defendants.** | **Case No. CV2018-091523**<br><br>**AFFIDAVIT OF SERVICE BY**<br>**PRIVATE PROCESS SERVER** |

CLERK OF THE SUPERIOR COURT
FILED
JAN 2 7 2019    6:54am
Cunic o  Deputy

**STATE OF ARIZONA, COUNTY OF SANTA CRUZ**

The undersigned under Penalty, that I am a Process Server, Registered in Santa Cruz County, Arizona appointed by the Court and that on January 24, 2019, I received from the Law Office of Richard M. Martinez, P.O. Box 43250, Tucson, Arizona 85733, the documents listed below.

  (1) **SUMMONS RE:** <u>**ARIZONA DEPARTMENT OF CHILD SAFETY,**</u> **(2) COMPLAINT, (3) CERTIFICATE REGARDING COMPULSORY ARBITRATION, (4) ORDER EXTENDING TIME FOR SERVICE OF PROCESS ON DEFENDANTS, AND (5) MINUTE ENTRY (RE: ORDER SIGNED GRANTING SECOND EXTENSION OF TIME FOR SERVICE).**

And that I personally served the documents listed above in the manner and upon the person shown below.

01/25/2019 @ 1:00 p.m. Served Documents listed above to: Ruben Ruiz, Designated Person to accept service, Arizona Department of Child Safety 3003 North Central Avenue, Lobby, Phoenix, Arizona 85012.

Description: Race: Hispanic; Sex: Male; Age: 34; Height: 5'7"; Weight: 150 lbs; Hair: Black; Eyes: Brown; Black moustache and beard. Does not speak with any noticeable accent.

I certify under penalty that the foregoing is true and correct.

_Paul E. Nye_
**PAUL E. NYE, SC – PS – 11-002**

SUBSCRIBED AND SWORN TO before me on this 26th day of January , 2019, by the affiant who is personally known to me.

_Cecilia J Gage_
**Notary Public**

OFFICIAL SEAL
CECILIA J GAGE
Notary Public - State of Arizona
PIMA COUNTY
My Comm. Expires Feb. 24, 2020

## Attorney General's Office · Calendar Tickler Memo

- Assign To: _Tom Chenal_     Answer Due: _____

    Division/Section: _SGD/LMS_     Reminder Date: _____

Message: _S&C_

---

### CASE INFORMATION

Caption: _Meyer, Jesse v._
_State of AZ (DCS)_

Court & Number _SCt MH  CV 2018-091523_

### DOCKET CONTROL

- Rec'd By: _Elizabeth Jordan_
  (Please Sign)

Disposition _Lawsuit assigned to_
_James Bowen on 1/30/19_

### RECEIPT INFORMATION

The above documents were mailed/served:

On: _Lisa Fischer_
      (Name of Person)

Agency: _AG Adm_

Date: _1-25-2019_

Time: _1113 Am_

By: _Paul Nye_

---

· Sign and return white copy immediately . Return yellow copy on final disposition

To: _Deb Sawyer  SGD/ELS_

JEFF FINE, CLERK

**AZ ACCURATE PROCESS SERVICES**
**P.O. BOX 4674**
**RIO RICO, ARIZONA 85624**
**Phone: 520-313-3202**
**Email: peninv@peninv.com**

CHRIS DEROSE, CLERK
RECEIVED CCC #3
NIGHT DEPOSITORY

19 JAN 27  AM 6: 53

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

CLERK OF THE SUPERIOR COURT
FILED

| | |
|---|---|
| JESSE MEYER, et al.<br><br>      **Plaintiff,**<br><br>vs.<br><br>STATE OF ARIZONA, et al.<br><br>      **Defendants.** | Case No. CV2018-091523  JAN 27 2019  6:55am<br><br>    Canneti, Deputy<br><br>**AFFIDAVIT OF SERVICE BY**<br>**PRIVATE PROCESS SERVER** |

**STATE OF ARIZONA, COUNTY OF SANTA CRUZ**

The undersigned under Penalty, that I am a Process Server, Registered in Santa Cruz County, Arizona appointed by the Court and that on January 24, 2019, I received from the Law Office of Richard M. Martinez, P.O. Box 43250, Tucson, Arizona 85733, the documents listed below.

   **(1) SUMMONS RE: <u>THE NEW FOUNDATION</u>, (2) COMPLAINT, (3) CERTIFICATE REGARDING COMPULSORY ARBITRATION, (4) ORDER EXTENDING TIME FOR SERVICE OF PROCESS ON DEFENDANTS, AND (5) MINUTE ENTRY (RE: ORDER SIGNED GRANTING SECOND EXTENSION OF TIME FOR SERVICE).**

And that I personally served the documents listed above in the manner and upon the person shown below.

01/25/2019 @ 4:25 p.m. Served Documents listed above to: Cindy Quenneville, Statutory Agent, at agreed meeting location, 868 East University Drive, Tempe, Arizona 85203.

Description: Race: Caucasian; Sex: Female; Age: 56; Height: 5'2"; Weight: 150 lbs; Hair: Brown; Eyes: Blue. Does not speak with any noticeable accent.

I certify under penalty that the foregoing is true and correct.

_Paul E. Nye_
**PAUL E. NYE, SC – PS – 11-002**

SUBSCRIBED AND SWORN TO before me on this _26th_ day of January , 2019, by the affiant who is personally known to me.

_Cecilia J Gage_
**Notary Public**



OFFICIAL SEAL
CECILIA J GAGE
Notary Public - State of Arizona
PIMA COUNTY
My Comm. Expires Feb. 24, 2020

JEFF FINE, CLERK



**AZ ACCURATE PROCESS SERVICES**
**P.O. BOX 4674**
**RIO RICO, ARIZONA 85624**
**Phone: 520-313-3202**
**Email: peninv@peninv.com**

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JESSE MEYER, et al. <br><br>        **Plaintiff,** <br><br> **vs.** <br><br> STATE OF ARIZONA, et al. <br><br>        **Defendants.** | **Case No. CV2018-091523**    JAN 27 2019   6:52am <br> e anicoto, Deputy <br><br> **AFFIDAVIT OF SERVICE BY** <br> **PRIVATE PROCESS SERVER** |

CLERK OF THE SUPERIOR COURT
FILED
JAN 27 2019 6:52am

**STATE OF ARIZONA, COUNTY OF SANTA CRUZ**

**The undersigned under Penalty, that I am a Process Server, Registered in Santa Cruz County, Arizona appointed by the Court and that on January 24, 2019, I received from the Law Office of Richard M. Martinez, P.O. Box 43250, Tucson, Arizona 85733, the documents listed below.**

> **(1) SUMMONS RE: <u>KATHRYN FRENCH</u>, (2) COMPLAINT, (3) CERTIFICATE REGARDING COMPULSORY ARBITRATION, (4) ORDER EXTENDING TIME FOR SERVICE OF PROCESS ON DEFENDANTS, AND (5) MINUTE ENTRY (RE: ORDER SIGNED GRANTING SECOND EXTENSION OF TIME FOR SERVICE).**

**And that I personally served the documents listed above in the manner and upon the person shown below.**

**01/25/2019 @ 12:00 p.m. Served Documents listed above to: Victoria Jones, Who Stated She Would Accept on behalf of Kathryn French, Arizona Department of Child Safety, 3310 North 19th Avenue, Phoenix, Arizona 85015.**

**Description: Race: Caucasian; Sex: Female; Age: 45; Height: 5'1"; Weight: 175 lbs; Hair: Brown-Grey; Eyes: Blue. Does not speak with any noticeable accent.**

**I certify under penalty that the foregoing is true and correct.**

_Paul E. Nye_
**PAUL E. NYE, SC – PS – 11-002**

**SUBSCRIBED AND SWORN TO before me on this 26th day of January , 2019, by the affiant who is personally known to me.**

_Cecilia J Gage_
**Notary Public**

OFFICIAL SEAL
CECILIA J GAGE
Notary Public - State of Arizona
PIMA COUNTY
My Comm. Expires Feb. 24, 2020

**AZ ACCURATE PROCESS SERVICES**
**P.O. BOX 4674**
**RIO RICO, ARIZONA 85624**
**Phone: 520-313-3202**
**Email: peninv@peninv.com**



JEFF FINE, CLERK
CHRIS DEROSE, CLERK
RECEIVED CCC #3
RIGHT REPOSITORY

19 JAN 27  AM 6: 53

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **JESSE MEYER, et al.** | **Case No. CV2018-091523** |
| **Plaintiff,** | |
| **vs.** | **AFFIDAVIT OF SERVICE BY PRIVATE PROCESS SERVER** |
| **STATE OF ARIZONA, et al.** | |
| **Defendants.** | **CLERK OF THE SUPERIOR COURT FILED**<br>JAN 2 7 2019  6:55am<br>CCmreed, Deputy |

**STATE OF ARIZONA, COUNTY OF SANTA CRUZ**

The undersigned under Penalty, that I am a Process Server, Registered in Santa Cruz County, Arizona appointed by the Court and that on January 24, 2019, I received from the Law Office of Richard M. Martinez, P.O. Box 43250, Tucson, Arizona 85733, the documents listed below.

(1) **SUMMONS RE:** GREGORY A. MCKAY, DIRECTOR ADCS, (2) COMPLAINT, (3) CERTIFICATE REGARDING COMPULSORY ARBITRATION, (4) ORDER EXTENDING TIME FOR SERVICE OF PROCESS ON DEFENDANTS, AND (5) MINUTE ENTRY (RE: ORDER SIGNED GRANTING SECOND EXTENSION OF TIME FOR SERVICE).

And that I personally served the documents listed above in the manner and upon the person shown below.

01/25/2019 @ 10:45 a.m. Served Documents listed above to: Joy Borerston, Designated Person to Accept Service, Arizona Department of Child Safety, 3003 North Central Avenue, 23rd Floor, Phoenix, Arizona 85012.

**Description: Race:** African American; **Sex:** Female; **Age:** 55; **Height:** 5'2"; **Weight:** 140 lbs; **Hair:** Black; **Eyes:** Black. Speaks with a Southern accent.

I certify under penalty that the foregoing is true and correct.

*Paul E. Nye*
**PAUL E. NYE, SC – PS – 11-002**

**SUBSCRIBED AND SWORN TO** before me on this 26th day of January , 2019, by the affiant who is personally known to me.

*Cecilia J Gage*
**Notary Public**

OFFICIAL SEAL
CECILIA J GAGE
Notary Public - State of Arizona
PIMA COUNTY
My Comm. Expires Feb. 24, 2020

**AZ ACCURATE PROCESS SERVICES**
**P.O. BOX 4674**
**RIO RICO, ARIZONA 85624**
**Phone: 520-313-3202**
**Email: peninv@peninv.com**

JEFF FINE, CLERK

CHRIS DEROSE, CLERK
RECEIVED CCD #3
NIGHT DEPOSITORY

19 JAN 27  AM 6: 53

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **JESSE MEYER, et al.** | **Case No. CV2018-091523** |
| **Plaintiff,** | |
| **vs.** | **AFFIDAVIT OF SERVICE BY** |
| | **PRIVATE PROCESS SERVER** |
| **STATE OF ARIZONA, et al.** | |
| **Defendants.** | |

CLERK OF THE SUPERIOR COURT
FILED
JAN 2 7 2019    6:58am

C. Currico  D., Deputy

**STATE OF ARIZONA, COUNTY OF SANTA CRUZ**

The undersigned under Penalty, that I am a Process Server, Registered in Santa Cruz County, Arizona appointed by the Court and that on January 24, 2019, I received from the Law Office of Richard M. Martinez, P.O. Box 43250, Tucson, Arizona 85733, the documents listed below.

   (1) SUMMONS RE: <u>DEBORAH HAGER</u>, (2) COMPLAINT, (3) CERTIFICATE REGARDING COMPULSORY ARBITRATION, (4) ORDER EXTENDING TIME FOR SERVICE OF PROCESS ON DEFENDANTS, AND (5) MINUTE ENTRY (RE: ORDER SIGNED GRANTING SECOND EXTENSION OF TIME FOR SERVICE).

And that I personally served the documents listed above in the manner and upon the person shown below.

01/25/2019 @ 8:50 a.m. Served Documents listed above to: Deborah Hager, 33622 West Broadway Road, Tonopah, Arizona 85354

Description: Race: Caucasian; Sex: Female; Age: 59; Height: 5'6"; Weight: 140 lbs; Hair: Brown; Eyes: Hazel. Does not speak with any noticeable accent.

I certify under penalty that the foregoing is true and correct.

_Paul E. Nye_
**PAUL E. NYE, SC – PS – 11-002**

SUBSCRIBED AND SWORN TO before me on this 26th day of January , 2019, by the affiant who is personally known to me.

_Cecilia J Gage_
**Notary Public**



OFFICIAL SEAL
CECILIA J GAGE
Notary Public - State of Arizona
PIMA COUNTY
My Comm. Expires Feb. 24, 2020

Person Filing: _Deborah Hager_
Address (if not protected):_____
City, State, Zip Code:_____
Telephone:_____
Email Address:_____
ATLAS Number:_____
Lawyer's Bar Number:_____

Representing ☐ Self, without a Lawyer  or  ☐ Attorney for  ☐ Plaintiff OR   ☐ Defendant

JEFF FINE
Clerk of the Superior Court
By Jackie Ortiz, Deputy
Date 02/06/2019 Time 14:52:12
Description                    Amount
------- CASE# CV2018-091523 -------
CIVIL SEPARATE ANS         245.00

TOTAL AMOUNT               245.00
        Receipt#. 27008929 nly

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

_Jesse Mejer_
Name of Plaintiff(s)

_DEBORAH HAGER_
Name of Defendant(s)

Case Number: _CV 2018 -091523_

**ANSWER**

For Defendant's Answer to Plaintiff's Complaint, Defendant, _DEBORAH HAGER_, admits, denies and alleges as follows:

1. The allegations in paragraph ONE in the Complaint, I:

   ☐ ADMIT as true,   ☒ Deny,   ☐ State I have insufficient information to determine whether true or false.

2. The allegations in paragraph TWO in the Complaint, I:

   ☐ ADMIT as true,   ☒ Deny,   ☐ State I have insufficient information to determine whether true or false.

3. The allegations in paragraph THREE in the Complaint, I:

   ☐ ADMIT as true,   ☒ Deny,   ☐ State I have insufficient information to determine whether true or false.

4. The allegations in paragraph FOUR in the Complaint, I:

   ☐ ADMIT as true,   ☒ Deny,   ☐ State I have insufficient information to determine whether true or false.

5. The allegations in paragraph FIVE in the Complaint, I:

   ☐ ADMIT as true,   ☒ Deny,   ☐ State I have insufficient information to determine whether true or false.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC31f 122917

Case No._____

6.  The allegations in paragraph SIX in the Complaint, I:

☐ ADMIT as true,   ☒ Deny,   ☐ State I have insufficient information to determine whether true or false.

7.  The allegations in paragraph SEVEN in the Complaint, I:

☐ ADMIT as true,   ☒ Deny,   ☐ State I have insufficient information to determine whether true or false.

8.  The allegations in paragraph EIGHT in the Complaint, I:

☐ ADMIT as true,   ☒ Deny,   ☐ State I have insufficient information to determine whether true or false.

9.  The allegations in paragraph NINE in the Complaint, I:

☐ ADMIT as true,   ☒ Deny,   ☐ State I have insufficient information to determine whether true or false.

10.  The allegations in paragraph TEN in the Complaint, I:

☐ ADMIT as true,   ☒ Deny,   ☐ State I have insufficient information to determine whether true or false.

(If you need more space, add an attachment labeled "Civil Answer," and continue consecutive numbering.)

**Defendant's GENERAL DENIAL:** Defendant denies anything stated in the Complaint that Defendant has not specifically admitted, qualified, or denied.

## DEFENSES and DENIALS

A.  **Defendant alleges that the claims for relief stated in the Complaint are, or may be, barred by reason of (check any that apply):**

☐ Lack of personal jurisdiction.

☐ Lack of subject matter jurisdiction.

☐ Insufficient service of process

☐ Failure to state a claim upon which relief can be granted.

☐ Accord and satisfaction.

☐ Arbitration and award.

☐ Assumption of risk.

Page 2 of 4

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED                                    CVC31f - 122917

Case No._____

☐ Contributory negligence

☐ Duress

☐ Estoppel

☐ Failure of consideration

☒ Fraud

☐ Illegality

☐ Laches

☐ License

☐ Payment

☐ Release

☐ Res judicata

☐ Statute of Frauds

☐ Statute of Limitations

☐ Waiver

☐ Other Defenses are listed and explained below.

_____
_____
_____

Defendant reserves the right to amend this Answer at a later time to assert any matter constituting an avoidance or affirmative defense including, without limitation, those affirmative defenses set forth in Rule 8(d), Arizona Rules of Civil Procedure, as discovery shows to be applicable.

## REQUESTS to the COURT

**WHEREFORE**, having fully defended, Defendant requests that Plaintiff's Complaint be dismissed, that Plaintiff take nothing, and that Defendant be awarded the costs and expenses incurred herein, including such other and further relief as the Court may deem just and proper.

__2/6/19_____
**Date**

_____
**Signature of Defendant/Defendant's Attorney**

Page 3 of 4

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC31f - 122917

Case No._____

## CERTIFICATE OF SERVICE:

**The following page must be completed and attached to the LAST page of your Answer:**

☑ I filed the ORIGINAL of the Answer with the Clerk of the Superior Court in
Maricopa County on: _*FEB. 06 2019*_
                    Month      Date      Year

☐ I mailed/delivered a COPY of the Answer to the Judicial Officer assigned to my case,
Judge (or Commissioner): _*Judge Palmer*_ on
                               (Judicial Officer assigned to your case)

Month        Date        Year

☐ I mailed/delivered a COPY of the attached document(s) to the Plaintiff (or Plaintiff's
Attorney if Plaintiff is represented by an attorney) on:

Month        Date        Year

_JESSE MEYER    RICHARD M. MARTINEZ_
Name of Plaintiff / Plaintiff's Attorney
_P.O. BOX 43250_
Address
_TUCSON ARIZONA 85733-3250_
City, State, Zip

***(You must mail a copy of all documents to the Plaintiff or his/her lawyer)***

> **By signing below, I state to the Court, under penalty of law, that the information stated
> on these pages is true and correct to the best of my knowledge and belief.**
>
> **I further state that I have filed/mailed the attached document(s) as shown above. I
> understand that if I do not file/mail the attached document(s) as shown above, the
> Judge in my case will not read the attached document.**

_[signature]_
Your signature

Page 4 of 4

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
                                                 CVC31f - 122917